IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| PHILLIP A. BENTLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:05CV00370 |
| | ) | |
| BONITZ CONTRACTING COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM ORDER

TILLEY, Chief Judge

This suit arises from a dispute between Plaintiff Phillip A. Bentley ("Mr. Bentley) and Defendant Bonitz Contracting Company, Inc. ("Bonitz") regarding the termination of Mr. Bentley from his employment with Bonitz. In mid-August, 2004, Mr. Bentley, a resident of Person County, North Carolina, was terminated from his job with Bonitz, a business incorporated in the state of South Carolina. Prior to Bentley's employment with Bonitz, he was employed by American Drywall Co., Inc. ("American Drywall"). While employed at American Drywall, Mr. Bentley sustained an injury and **pursed a workers' compensation claim**. Mr. Bentley continued to pursue **this claim during his subsequent employment with Bonitz. Mr. Bentley claims that he was terminated by Bonitz in retaliation for pursuing his workers' compensation** claim.

On March 17, 2005, Bentley filed a Complaint in the Person County Superior

Court against Bonitz alleging: (1) a violation of North Carolina's Retaliatory Employment Discrimination Act ("REDA"), as set forth in N.C. Gen. Stat. §§ 95-240 *et seq.*, and (2) a common law claim of wrongful discharge in violation of public policy.

On April 26, 2005, pursuant to 28 U.S.C. §§ 1441, *et seq.*, Bonitz removed this case to the United States District Court for the Middle District of North Carolina, alleging diversity jurisdiction under 28 U.S.C. § 1332 [Doc. #2]. On May 26, 2005, Mr. Bentley filed a Motion to Remand to state court, pursuant to 28 U.S.C. § 1447(c) [Doc. #4]. On that same date, Mr. Bentley also filed a Motion for Attorney's Fees and Costs for improper removal, pursuant to 28 U.S.C. § 1447(c) [Doc. #6]. Bonitz filed a response to each of these motions on June 17, 2005 [Docs. #10 & 11].

I.

Mr. Bentley contends that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1445(c). Section 1445(c) provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). Mr. Bentley argues that his claims "arise under" the North Carolina workers' compensation laws and therefore removal is improper. Whether § 1445(c) bars removal of Mr. Bentley's claim is governed by federal law. Grubbs v. General Elec. Credit Corp., 405 U.S. 699, 705, 92 S. Ct. 1344, 1349 (1972).

2

The Retaliatory Employment Discrimination Act prohibits employers from discriminating against employees for filing workers' compensation claims.[1] In Wiley v. United Parcel Service, Inc., 227 F. Supp. 2d 480 (M.D.N.C. 2002), the Middle District of North Carolina (Osteen, J.) addressed the question of whether a REDA claim arises under the North Carolina Workers' Compensation Act. Id. at 483 (noting that this was an issue of first impression that has not yet been decided by the Fourth Circuit). The Court relied on the Fourth Circuit case of Arthur v. E.I. DuPont de Nemours & Co., Inc., 58 F.3d 121 (4th Cir. 1995) as a framework to decide whether **a REDA cause of action "arises under" the state's workers' compensation laws. In** Arthur**, the Fourth Circuit stated in dicta: [t]he action for retaliatory discharge is integrally related to the just and smooth operation of the workers' compensation system; it insures that those seeking compensation benefits are not scared out of making claims . . . [t]his cause of action therefore aids the overriding purpose of providing fixed, no-fault benefits for workplace injuries.** Id. **at 128. Using this language as a guide, in** Wiley **the Court concluded that "REDA is so integrally related to the N.C. Workers' Comp. Act that it 'arises under' the act for removal purposes pursuant to section 1445(c)."** Wiley, 227 F.

---

[1] Although REDA also enumerates other prohibited areas of retaliatory discharge besides workers' compensation, its history has shown it as an "outlet for employees to pursue their workers' compensation benefits without fear . . . ." Wiley v. United Parcel Service, Inc., 227 F. Supp. 2d 480, 487 (M.D.N.C. 2002) (noting also that REDA's genesis has been in the workers' compensation laws of North Carolina).

3

Supp. 2d at 488; see also Arnett v. Leviton Mfr. Inc., 174 F. Supp. 2d 410, 417 (W.D.N.C. 2001) ("Taking all of these factors into consideration, the Court finds that the provisions of North Carolina's REDA **relating to worker's compensation do 'arise under' the worker's compensation laws** for purposes of 28 U.S.C. § 1445(c). Therefore removal of this case was improper and it shall be remanded to the State court."). Finding the reasoning in Wiley persuasive, it is determined that Mr. Bentley's REDA claim does "arise under" the workman's compensation laws of North Carolina and § 1445(c) is implicated.

Bonitz claims, however, that Mr. Bentley's common law claim, wrongful discharge in violation of public policy, distinguishes this case from those based solely on a claim under the North Carolina REDA statute. However, in Arthur, the Fourth Circuit did not focus on whether the claim was based in common law or created by statute, but rather whether the claim played a role in promoting "the just and smooth operation of the workers' compensation system." 58 F.3d at 128 ("The action for retaliatory discharge is integrally related to the just and smooth operation of the workers' compensation system; it insures that those seeking compensation benefits are not scared out of making claims."). Given this rationale, whether the claim is made under REDA or is a common law claim for wrongful discharge in violation of public policy, the outcome is the same: both claims "arise under" the North Carolina Workers' Compensation Act for removal purposes pursuant to § 1445(c). See Arnett, 174 F. Supp. 2d at 417 (finding removal is

4

improper and remanding case without discussion of the common law claim of retaliatory discharge made in addition to REDA claim); Lindsey v. United Parcel Service, Inc., 2003 WL 22757931, at *1-3 (M.D.N.C. 2003) (assuming that common law claim of wrongful discharge and REDA claim were not removable to federal court in discussion whether attorney's fees should be assessed); Thorne v. WLR Foods, Inc., 111 F. Supp. 2d 744, 747-48 (N.D.W. Va. 2000) (applying Arthur and holding that common law claim of retaliatory discharge for filing of worker's compensation claim is "integrally related to the intricacies" of the West Virginia Worker's Compensation Act, and therefore removal is improper under § 1445(c)); c.f. Wiley, 227 F. Supp. 2d at 487 (noting that even though REDA enumerates other prohibited areas of retaliatory discharge besides workers' compensation, it still "arises under" the N.C. Workers Compensation Act.)

Because Mr. Bentley's common law claim for wrongful discharge and his REDA claim "arise under" the N.C. Worker's Compensation Act, removal to federal court is improper under §1445(c) and this case will be remanded to state court.[2]

II.

Mr. Bentley has also moved for an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). Under § 1447(c), "[a]n order remanding the

---

[2] Mr. Bentley also contends that federal jurisdiction is improper because the parties are not diverse and the amount in controversy is less than the jurisdictional requirement of $75,000. Because this case will be remanded pursuant to 28 U.S.C. § 1445(c), discussion of these additional grounds for remand is not necessary.

5

case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." Id. (emphasis added). The decision whether to order fees and costs is discretionary. Lindsey, 2003 WL 22757931, at *2. In the Fourth Circuit, courts generally award attorney's fees in removal actions only when the removing party has asserted removal frivolously or in bad faith, or the lack of federal jurisdiction is obvious with even a cursory examination. See In re Lowe, 102 F.3d 731, 733 n.2 (4th Cir. 1996) (noting that bad faith is not a prerequisite under § 1447(c), but declining to award attorney fees because there was no bad faith and the lack of federal jurisdiction was not obvious); Lindsey, 2003 WL 22757931, at *2 (declining to award costs and attorney's fees when the stated basis for removal "was at least 'colorable' and was apparently made in good faith").

In this case it does not appear that the removal by Bonitz was frivolous or in bad faith. Additionally, the issue of whether Mr. Bentley's common law claim for retaliatory discharge was removable has not been directly addressed by this Court or the Fourth Circuit Court of Appeals. As a result, it may not have been obvious to Bonitz, even upon a review of the relevant law, that removal was prohibited by § 1445(c). Thus, an award of costs and attorney's fees is not appropriate in this case.

III.

For the foregoing reasons, Mr. Bentley's Motion to Remand [Doc. #4] is

6

GRANTED and this case is REMANDED to Person County Superior Court.

However, Mr. Bentley's Motion for Attorneys Fees and Costs pursuant to 28

U.S.C. § 1447(c) [Doc. #6] is DENIED.

This the day of February 22, 2006

                                                                   /s/ N. Carlton Tilley, Jr.
                                                                  United States District Judge

7

Case 1:05-cv-00370-NCT-WWD   Document 12   Filed 02/22/06   Page 7 of 7